UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wilfred J. Hines,

          Plaintiff,

v.

Joan Fabian, Commissioner of Corrections,
Connie Roehrich, Warden of MCF-Faribault,
Daniel Ferrise, Warden of MCF-Stillwater,
Ralph Schmidt, Special Investigator,
Jessica Symmes, Associate Warden,
Regina Stepney, Case Manager Supervisor,
John Doe, unknown, and John Doe, unknown[1]

          Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 05-1408 ADM/AJB

---

Wilfred J. Hines, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for ruling on the Objections of Wilfred J. Hines ("Plaintiff") [Docket No. 5] to the July 22, 2005 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan [Docket No. 3].[2] The R&R recommends this Court summarily dismiss Plaintiff's self-styled pleading, entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" [Docket No. 1].

---

[1] Defendant Connie Roehrich was sued as Connie Rolrich. The caption will be changed to reflect the name as it now appears on the docket.

[2] Plaintiff also filed a self-styled Motion for Permission to Have Extension on Filing Objection [Docket No. 4]. Given Plaintiff's pro se status and that his Objections were filed the following day, the Court will consider the Objections as timely filed. See LR 72.2.

In his Complaint, Plaintiff alleges the Minnesota Department of Corrections ("DOC") changed Plaintiff's custody classification from "minimum custody" to "close custody" shortly after he provided Defendant Ralph Schmidt a saliva sample for DNA testing. Compl. at 3. The sample was provided pursuant to a warrant issued by a federal magistrate judge in connection with a federal criminal investigation. Id. Plaintiff was subsequently transferred from Minnesota Correctional Facility in Faribault, Minnesota ("MCF-FRB") to the Minnesota Correctional Facility at Stillwater, Minnesota ("MCF-STW"), where he was allegedly told by Defendant Jessica Symmes, Associate Warden at MCF-STW, he would remain "until the pending federal charges are resolved." Id. at 3. Plaintiff claims MCF-STW is a more secure and restrictive facility. Plaintiff asserts his ongoing custody status and confinement at MCF-STW violates his constitutional right to due process under the Fourteenth Amendment and subjects him to "cruel and unusual" punishment in violation of the Eighth Amendment. The R&R found Plaintiff had failed to allege the elements necessary to state a claim under either cause of action. The factual and procedural background in this matter is set forth in greater detail in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are denied and the R&R is adopted.

## II. DISCUSSION

The district court must undertake an independent, de novo, review of those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

Under 28 U.S.C. § 1915A, a part of the Prison Litigation Reform Act ("PLRA"), courts are required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity, or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). To the extent that a pleading, on its face, fails to state a claim upon which relief may be granted, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

Plaintiff objects to the R&R on two grounds. First, Plaintiff argues he has asserted a sufficient deprivation of a constitutionally protected liberty interest to state an actionable due process claim. Second, Plaintiff contends he has alleged sufficient facts to demonstrate "deliberate indifference," as required for an Eighth Amendment claim.

**A.     Due Process Claim**

Plaintiff can proceed with his due process claim only if he can allege facts showing he was deprived of a constitutionally protected liberty interest, without being afforded the procedural protections of due process. See Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997). The Supreme Court has held that a prisoner cannot sustain a due process claim unless he can demonstrate that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The Eighth Circuit has interpreted the standard set forth in Sandin to mean that prisoner due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences." Moorman v. Thalacker, 83 F.3d 970, 972 (8th Cir. 1996) (emphasis added).

3

In his Complaint, Plaintiff alleges his custody level and incarceration at MCF-STW have deprived him of the opportunity to participate in a prison "boot camp" program, as well as other training programs and work releases.  He also contends MCF-STW "[i]s a very hostile, intimidating and stressful environment, because most of the inmates in this setting tend to have more longer [sic] sentence[s] and are convicted of serious crimes, and as [a] consequence care less how they act or treat other[s]."  Compl. at 4.  As the R&R correctly concludes, "[w]hile those circumstances have undoubtedly made Plaintiff's confinement more difficult and unpleasant they are <u>not</u> the type of 'atypical and significant hardship' contemplated by <u>Sandin</u>."  R&R at 5.  The R&R then provides a discussion of cases in which the federal courts have repeatedly found that "unwanted prison transfers, harsh prison conditions, lost privileges, and lost opportunities for work education and rehabilitation are normal and [foreseeable] experiences of prison life and not the type of 'atypical and significant hardship[s]' that implicate constitutionally protected liberty interests."  <u>Id</u>.  The Court adopts the R&R's assessment.  <u>Id</u>.

Finally, in his Objections, Plaintiff argues Defendants have "conspired" to "intentionally" deprive Plaintiff of his liberty by making his time "as Hard as Possible."  Objections at 2.  Plaintiff alleges no facts to support this bald assertion and cannot show an injury of the requisite severity to establish an actionable Due Process Claim.

**B.     Eighth Amendment Claim**

In order for a prisoner to state a valid Eighth Amendment claim, he must show that (a) there was an "excessive risk" to his health or safety and (b) prison officials were deliberately indifferent to that need.  <u>Williams v. Delo</u>, 49 F.3d 442, 446 (8th Cir. 1995).  Liability of prison officials will not attach ". . . unless the official knows of and disregards an excessive risk to

inmate safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1970). As the R&R correctly noted, the prisoner's Complaint must allege facts demonstrating Defendants harmed him by deliberately disregarding his health, safety and well-being. R&R at 6; see Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) (deliberately disregarding prisoner's "serious medical needs"); Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (forcing prisoner to live in conditions that do not meet the minimum standards of a civilized society); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (subjecting prisoner to excessive physical force); Farmer, 511 U.S. at 834 (deliberately exposing prisoner to an obvious risk of physical harm).

Plaintiff's Complaint offers no allegation suggesting he has suffered, or is likely to suffer, any deliberate cruelty, mistreatment or abuse that is likely to cause him physical injury. Plaintiff alleges "that by placing plaintiff in a more High Security prison setting [Defendants are] deliberately exposing plaintiff to an [sic] risk of Physical Harm." Objections at 4. However, the mere presence of high security prisoners is insufficient to present the circumstances required to state an Eighth Amendment claim.

Plaintiff also argues the infliction of psychological pain can violate the Eighth Amendment. He claims the threat of injury due to his incarceration in a high security prison and the alleged conspiracy by Defendants to make his time "as Hard as Possible" constitute psychological injury sufficient to create an actionable Eighth Amendment claim. Objections at 2. In some circumstances, the infliction of psychological injury may violate the Eighth Amendment, however, such circumstances are not present in the instant matter. See Perkins v.

Kansas Dept. of Corrections, 165 F.3d 803, 810 (10th Cir. 1999). As previously discussed, Plaintiff offers no evidence to support his bald assertion of a conspiracy to make his custody difficult. Furthermore, the mere presence of high custody prisoners, without facts or circumstances indicating Plaintiff's health or safety is in particularized danger, is also insufficient to support an Eighth Amendment claim.

Petitioner's Objections are denied and the R&R is adopted in its entirety.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Boylan's R&R [Docket No. 3] is **ADOPTED** in its entirety;

2. Plaintiff's Complaint [Docket No. 1] is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff's Motion for Permission to Have Extension on Filing Objection [Docket No. 4] is **GRANTED**;

4. Plaintiff's Objections [Docket No. 5] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 12, 2005.